Judge Robertson
delivered the opinion of the court. .
Tanner sued Duncan, in an action of covenant, on a bond for the conveyance of land. The declaration recited the penal obligation, and the condition. The defendant failing to plead, a jury was sworn to ascertain the damages. No evidence was offered, except the covenant sued on; and the court, at the instance of Tanner’s counsel, instructed the jury that the penalty on the covenant, should be the criterion of their assessment, unless Duncan proVed that the consideration for the sale of the land, was less. Duncan excepted; and the jury found a ver-diet for half of the penalty, and the legal interest Upon it, from the date of the covenant, to the finding,
On this verdict, the court rendered judgment.
Whether this judgment is right, is the only question presented for decision.
We cannot sustain the judgment. The legal measure of recovery, was the value of the land, and its interest. As the suit was covenant, and the declaration showed the condition, the- court could not give judgment for the penalty. Nor was the penalty, evidence, that one half of it was the value, or the consideration* There was, therefore, no proof of what the consideration was; and consequently, the jury and the court both erred.
It was the duty of the plaintiff to prove the value Of the land, before he could ask a verdict.
The consideration would be evidence of that value; and therefore, it was incumbent on him to prove what it was, before he could be entitled to a verdict. As there was no legal proof of either the consideration or value, therefore, the judgment must be reversed, and the cause remanded for a new trial.